In The United States District Court
For The District of Maine

Kevin Lee Ross, Petitioner(s)

v.

Judge Woodcock; Defendant(s)
Prosecutor; Andrew MacCormack
Postal Inspector; Scott Kelly
Belfast Police Officer; Michael McFadden

Motion for Civil Action Under Bivins; 403 U.S. 388 and 42 U.S.C. 1983.

Constitutional Violations under...

1.) False Charges

2.) False Arrest / Imprisonment

3.) Conspiracy to interfere with Rights.

Loss of Immunity

Brady V. Fisher; 20 LEd. 646

Must be within the scope of their prospective job descriptions.

Stump V. Sparkman; 435 U.S. 349

Judge and Prosecutor lose their immunity when they acted under clear absence of all jurisdiction.

Monroe V. Pape; 365 U.S. 167
United States V. Classic; 313 U.S. 299

Scheuer V. Rhodes; 416 U.S. 237
Wood V. Strickland; 420 U.S. 308
Imbler V. Pachtman; 424 U.S. 409

All Defendants lose immunity when they acted outside their prospective job descriptions, they have all comited conspiracy, perjury, false charges, false Arrest/ Imprisonment, they have all acted illegally and unconstitutionaly and therefore have lost all imunity under Constitutional rights and U.S. Supreme Court rulings.

Exhaustion of Remidies

When Federal rights are subject to such tenuous protection, prior resort to a state proceeding is not necessary.
    Hillsborough v. Cromwell, 326 U.S. 620
    McNeese v. Board of Education, 373 U.S. 668

Exhaustion of administrative remidies is not required when the question of the adequacy of the administrative remidies is for all practical purposes identical with the merits of the plaintiff's lawsuit.
    Gibson v. Berryhill, 411 U.S. 569
    Barry v. Barchi, 443 U.S. 55
    Carter v. Stanton, 405 U.S. 666

McNeese, 373 U.S. 668, one of the purposes underlining the Civil Rights Act was to provide a remedy in the Federal Courts supplementary to any remedy any state might have. Releif under the Civil Rights Act may not be defeated because releif was not first sought under state law which provided (an administrative) remedy. Monroe, 365 U.S. 167; Damico, 389 U.S. 416

## Releif Saught

1.) Declitory; Declare sentence and subsequent Supervised Release and all it intails including New criminal conduct under Supervised Release illegal and Unconstitutional and release Petitioner to His former life. Striking all from his record.

2.) Compensory; Petitioner/Plaintiff asks for 100 Million Dollars for the 7½ years spent in prison, the 2½ years non-stop harrassment before arrest and conviction, for the time spent on Supervised Release, all it intails, the time lost with family and Friends never to be replaced, the lost wages, loss of home and properties never to be replaced. And most of all for the beatings, the constant thefts of what little I had in prison, including even my shoes and false teeth and the Harrassment and terristic treatment of Inmate and Officers alike.

3.) Plaintiff asks for Punitif Damages in the amount of 3½ million dollars from each Deffendant for their part in this Obvious Miscarage of Justice and then an aditional (1) one thousand dollars per day For the time (every day) spent on a non-existant crime.

Postal Inspector Scott Kelley was investigating computer Crimes illegally and unconstitutionally without a warrant and beyond the scope of his Job description and beyond his authority.

18 U.S.C. 3061 Investigative powers of Postal Service Personal

(a) Subject to subsection (b) of this sextion, Postal Inspectors and other agents of the United States Postal Service designated by the board of Governors to investigate criminal maters related to the Postal Service and the mail may (skip to (b))

(b) The Powers granted by subsection (a) of this section shall be exercized only-
(1) in the enforcement of laws regarding property in the custody of Postal Service, property of the Postal Service, the use of the mails, and other Postal offenses.

Investigative powers of Postal Inspectors are only Criminal maters related to the Postal Service or Mail.
By his own admission in court Scott Kelley was investigating computer Crimes. Outside the scope of his Job discription and way beyond his authority. Allso making him a Stalking Horse.
City of Indiangpolis V. Edmond; 531 U.S. 32
Warrentless administrative seaches (or computer hacking) must bear a sufficient connection to

the governmental interests they serve and cannot advance as their primary purpose uncovering evidence of ordinary criminal wrongdoing.

Postal Inspector had no warrant to access Plaintiffs computer and computer crimes have nothing to do with mail or Postal anything.

Violating constitutional Rights at 4th and 14th amendments; illegal search and Due process.

This also makes all evidence illegal fruit of poisoness tree, Under Stalking Horse.

Postal Inspector Scott Kelly was investigating computer crimes illegally and unconstitutionally, beyond the scope of his Job discription and beyond his authority.

Postal Inspector Scott Kelly then entered into Conspiracy with Prosecutor Andrew McCormack, who agreed to prosecute a crime he knew to be illegally investigated, and both entered into conspiring with Belfast Police Officer Michial McFadden to try to hide the truth.

Officer McFadden entered into the conspiracy by swearing in court that it was He that found this evidence of a crime on the Maine State Police Computor Data Base, using that lie to secure a warrent under false pretenses and then went on to tell the same story in court as Scott Kelly had. False Statements and perjury for Both, Kelly and McFadden.

Scott Kelly was lead investigator. How? Illegally and Unconstitutionally! Without warrant or legal authority.

18 U.S.C. 2252A(a)5B according to statute and law does not exist. False Charges. The statute Plaintiff was charged under does not exist. see 837 F3d 85 Proving beyond doubt False Charges, False Arrest and False Imprisonment.

   Rehberg v. Paulk; 132 S.ct 1497
   Jones v. Canno; 174 F3d 1271
   Ashcraft v. al-Kidd; 563 U.S. 731
   Reichle; 566 U.S. 668
   Heck v. Humphrey; 512 U.S. 477
   Nieves v. Bartlett; 139 Sct. 1715

When arrested and imprissoned on a law or statute that does not exist it can only be False charges, False Arrest / False imprissonment.

An act that is not illegal when done can not be completed illegal... Freeborn v. Smith; 17 LEd 922

Wow This makes all 3 Defendants guilty of purjury Kelly and McFadden for the same story in court both, false statements making them both unreliable witnesses and untrustworthy, Manson V. Brathwaite, 432 U.S. 98. Harris V. Nelson, 394 U.S. 286 Banks V. Dretke, 540 U.S. 666

Both in collusion with Prosecutor McCormack for a Warrant under false pretenses on what McCormack already knew to be lies. Making him also an Unreliable witness and untrustworthy and then because it was used for both warrants and the second warrant show 0 evidence and 0 interest activity when the Maine State Police Computer Data Base said there was, it must also be called unreliable and untrustworthy.

OUR Judge Woodcock Tryed and convicted someone on a case he knew to be illegal and unconstitutional, He knew the warrents to be obtained on lyes and he knew that his Prosecutor withheld evidence that would have set Petitioner free from those charges. And he tryed and convicted this man anyways. Making him guilty of Conspiracy, Corruption and making him also untrustworthy and unreliable. All 4 men are guilty of criminal activity in this conspiracy. Yet we already know they wont be punished for any of it.

Mundell v. State; 734 So.2d. 1201
Williams v. State; 516 So.2d. 975

Montana v. Hall; 481 U.S. 400
One may never bee convicted of a nonexistent crime and remanded for a new trial.
q'ing Achin v. State; 436 So.2d. 3a

assure that no man has been incarcerated under a procedure which creates an impermissable large risk that the innocent will be convicted.
Teague; 489 U.S. 312

Mackey v. United States; 401 U.S. 667

Davis v. United States; 417 U.S. 333
Under our Federal system it is only Congress and not the courts, which can make conduct criminal.

This very court convicted Petitioner of a crime that does not exist.
The Statute that Petitioner was arrested, Prosecuted, and then convicted under; the statute that Petitioner was then imprisoned for 90 months and put on Supervised Release for an additional 5 years; with all the Unconstitutional conditions

On that Release under United States v. Scott, 242 F.3d 888 DOES NOT EXIST.

Petitioner was arrested, tried and convicted under 18 U.S.C. 2252A(a)5B (see 837 F.3d 85) (U.S. v. Ross) And all this under a conspiracy to deprive or interfere with rights, by 3 so called law enforcement officers and a Judge who had nothing better to do but to straight up lie someone into prison and ruin their lives.

For all of this, Petitioner prayes that this court will finally stop with the Bias and prejudice, and grant Petitioner the releif he seeks, Send him home and leive him alone.

3- -24

Kevin Lee Ross
131 Madison Rd.
Madison, Me 04950