**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

Kevin Lee Ross

     v.                                                        Case No. 24-cv-110-SDE

Prosecutor Andrew McCormack, et al.[1]

## REPORT AND RECOMMENDATION

In this case, self-represented plaintiff Kevin Lee Ross, while incarcerated in the Somerset County Jail in Madison, Maine,[2] filed a Complaint (Doc. No. 1) and Complaint Addenda (Doc. Nos. 14, 16, 27-1, 28-1, 29-1, 32-1),[3] asserting that the defendants, state and federal officials, violated his rights under the United States Constitution. The Complaint is before the undersigned magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915A(a). For the reasons explained below, the Court recommends that the district judge dismiss the Complaint.

## STANDARD OF REVIEW

The court conducts preliminary review of a prisoner's complaint pursuant to 28 U.S.C. § 1915A(a). At preliminary review, the court takes as true the factual content in the complaint and favorable inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the plaintiff has stated a claim upon which relief may be granted. See

---

[1] In his Complaint (Doc. No. 1) and Complaint Addenda (Doc. Nos. 14, 16, 27-1, 28-1, 29-1, 32-1), Mr. Ross identifies the following individuals as defendants to this action: Judge John Woodcock, Prosecutor Andrew McCormack, Postal Inspector Scott Kelly, and Belfast Police Officer Michail McFadden.

[2] Mr. Ross is now incarcerated at the Federal Correctional Institution in Danbury, Connecticut.

[3] The court construes the initial Complaint (Doc. No. 1) and the Complaint Addenda (Doc. Nos. 14, 16, 27-1, 28-1, 29-1, 32-1), together, to be the Complaint in this case for all purposes.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")). Because Mr. Ross is representing himself in this matter, the court construes his Complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the assertions in the Complaint fail to state a claim upon which relief can be granted, or the claims asserted are frivolous or malicious. See 28 U.S.C. § 1915A(b).

## BACKGROUND[4]

On October 21, 2014, a jury found Mr. Ross guilty of:

> knowingly possess[ing] material that contained an image of child pornography that had been shipped and transported using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer. All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2256(8)(A).

Indictment, United States v. Ross, Crim. Case No. 1:13-cr-158-LEW (D. Me.) ("2013 Criminal Case") (ECF Nos. 1, 78). Assistant United States Attorney ("AUSA") Andrew McCormack prosecuted the 2013 Criminal Case on behalf of the United States. United States District Court Judge John A. Woodcock presided over Mr. Ross's trial in that matter. Mr. Ross states that Postal

---

[4] The court notes that Mr. Ross brought similar claims in another action filed in this court, Ross v. McCormack, Civil Case No. 1:24-cv-015-SJM (D. Me.). In the Complaint and Complaint Addenda in that case, Mr. Ross made more detailed and extensive factual allegations than he did in this matter. Those details are summarized in the June 25, 2025 Report and Recommendation issued in that case. See id. (ECF No. 50).

Inspector Scott Kelly and Belfast Police Officer Michail McFadden investigated the criminal case prior to his prosecution.

On April 2, 2015, the trial court sentenced Mr. Ross to serve ninety months in federal prison, followed by five years of supervised release. See id. (ECF No. 95). The First Circuit Court of Appeals affirmed Mr. Ross's conviction. See United States v. Ross, 837 F.3d 85, 91 (1st Cir. 2016). The Supreme Court denied Mr. Ross's petition for a writ of certiorari. See Ross v. United States, 137 S. Ct. 485, 486 (2016) (Mem.).

Mr. Ross was released from incarceration in the 2013 Criminal Case, and commenced his term of supervised release, on or about April 8, 2021. See Apr. 25, 2022, Prob. Officer's Req. for Compliance Hr'g, 2013 Crim. Case (ECF No. 121, at 1). At that time, a United States Probation Officer met with Mr. Ross and provided him with "a copy of the conditions of supervision," and "discussed the expectations of conduct while on supervision." Id. On October 3, 2024, after a supervised release revocation hearing, the court found that Mr. Ross violated several conditions of his supervised release, revoked his supervised release, and sentenced Mr. Ross to serve twenty-four months in prison for those violations. See id. (ECF No. 162).

Mr. Ross challenges the validity of his conviction in the 2013 Criminal Case and the validation of the subsequent violation of supervised release proceedings. Mr. Ross alleges that the defendants to this action violated his rights under the First, Fourth, Fifth,[5] and Fourteenth Amendments to the United States Constitution. Specifically, Mr. Ross asserts that in the 2013 Criminal Case and subsequent violation of his supervised release conditions: the search of his

---

[5] In the Complaint, Mr. Ross asserts violation of his Fourteenth Amendment due process rights. To the extent he asserts the violation of his due process rights by federal officials, those rights arise under the Fifth Amendment.

3

computer, the indictment, and the prosecution were based on lies; he was convicted of a nonexistent crime;[6] the defendants punished him for his addiction; his sentence, including the imposed conditions of his supervised release, were unconstitutional. Mr. Ross further asserts that in addition to each defendant individually violating his federal constitutional rights, the defendants conspired to violate his rights under 18 U.S.C. §§ 241, 242 and 42 U.S.C. §§ 1985, 1986. Finally, Mr. Ross alleges that the defendants engaged in criminal conduct when engaging in the acts underlying his constitutional claims.

## DISCUSSION

### *Challenge to Criminal and Supervised Release Proceedings*

Mr. Ross challenges the validity and legality of the proceedings in both the 2013 Criminal Case and the later violation of supervised release proceedings. "Plaintiffs are generally barred from litigating claims for damages that would necessarily imply the invalidity of a judgment of conviction and a sentence unless the judgment and sentence have been previously invalidated." Violette v. Baker, No. 2:19-CV-479-PJB, 2020 U.S. Dist. LEXIS 235427, at *4, 2020 WL 7356608, at *2 (D. Me. Dec. 15, 2020) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)), R&R approved, 2021 U.S. Dist. LEXIS 43221 (D. Me. Mar. 8, 2021); see also Swan v. Barbadoro, 520 F.3d 24, 26 (1st Cir. 2008) (Heck rule applies to challenges to federal convictions asserted against federal officials); Hutchins v. Me. State Hous., No. 1:14-cv-00491-JAW, 2015 U.S. Dist. LEXIS 50428, at *13, 2015 WL 2250672, at *4 (D. Me. Apr. 16, 2015) (Heck rule applied to claims concerning validity of order revoking plaintiff's supervised release in federal criminal

---

[6] Mr. Ross asserts that he was convicted of violating 18 U.S.C. § 2252A(a)(5)(B), but that no such statute exists unless the "A" in 2252A is in parentheses, and further asserts that there is no subsection identified as (a)(5)(B). Mr. Ross is incorrect on both counts.

case), R&R approved, 2015 U.S. Dist. LEXIS 62492, at *1, 2015 WL 2250672, at *1 (D. Me. May 13, 2015).

With one exception, discussed below, all of Mr. Ross's allegations of wrongdoing directly or impliedly challenge the validity of the 2013 Criminal Case and the related supervised release violation proceedings. Accordingly, to the extent Mr. Ross seeks damages for the defendants' alleged wrongdoing underlying the investigation, prosecution, trial, conviction, sentence, supervised release, and supervised release violations, related to the 2013 Criminal Case, the district judge should dismiss his claims.[7]

To the extent Mr. Ross seeks a declaratory judgment, in the form of a statement by this court undermining the validity of his criminal conviction, violation of supervised release proceedings, or his sentence imposed in either proceeding, and directing his immediate release from incarceration, such claims "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas.'" Trump v. J. G. G., 145 S. Ct. 1003, 1005 (2025) (citations omitted). Those claims are not available to Mr. Ross in this action, and the district judge should dismiss Mr. Ross's claims for declaratory judgment.[8]

---

[7] If the district judge accepts the undersigned magistrate judge's recommendation to dismiss Mr. Ross's claims under the Heck rule, that dismissal should be without prejudice to his ability to bring those claims in the future should the criminal and supervised release proceedings underlying those claims ever be invalidated by a successful appeal or habeas corpus action.

[8] To the extent Mr. Ross seeks release from incarceration, as noted above, Mr. Ross is not presently incarcerated pursuant to either his 2013 Criminal Case or for violating the conditions of the supervised release imposed in that case. When Mr. Ross filed this action, he had completed the incarcerative portion of his sentence in the 2013 Criminal Case, and was serving a twenty-four-month sentence for violating his supervised release. That sentence is now complete. Mr. Ross is currently serving a 121-month prison term for a 2024 conviction for possessing child pornography after having been previously convicted of possessing child pornography. See United States v. Ross, No. 1:23-cr-073-LEW (D. Me.) ("2023 Criminal Case"). Mr. Ross states that the conviction underlying his current sentence is based on "exactly the same photos and videos" used to convict

*Conspiracy*

As discussed above Mr. Ross alleges that defendants are engaged in a conspiracy to incarcerate drug-addicted people and then to add to their sentences by subjecting them to drug tests when they are released from incarceration on supervised release, and then sending them back to prison for positive drug tests. He implies that there is financial motive to keep addicts in a cycle of incarceration, and that defendants here could interrupt the cycle, but choose not to. Stripped of conclusory allegations, Mr. Ross has not stated any facts which would support any claim arising out of these allegations against any defendants. Accordingly, the district judge should therefore dismiss Mr. Ross's claims based on allegations of the defendants' engagement in a conspiracy to violate his rights.

*Criminal Conduct*

Plaintiff alleges that certain acts of the defendants, related to the 2013 Criminal Case and supervised release violation proceedings, constituted criminal conduct. In general, a plaintiff does not have standing to bring claims in a civil case arising out of criminal misconduct. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, that claim is not cognizable here, and the district judge should dismiss it on that basis.

**CONCLUSION**

For the foregoing reasons, the district judge should dismiss this action in its entirety. To the extent Mr. Ross's claims are barred by the Heck rule, they should be dismissed without

---

him in the 2013 Criminal Case. Assuming, without deciding, the truth of that assertion, and that Mr. Ross intends to challenge the validity of the 2023 Criminal Case in this action, the reasoning underlying Violette and Heck also applies to bar such a challenge here.

prejudice to Mr. Ross's ability to assert those claims in a new action in the event his criminal conviction is invalidated.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

July 2, 2025

cc:   Kevin Lee Ross, pro se